UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Michael Reilly,

          Petitioner,

vs.                              Case No. 2:05-cv-308-FtM-29DNF

United States Prison Litigation Reform Act of 1995,

          Respondent.
_____

**OPINION AND ORDER**

    Plaintiff Michael Reilly, an inmate at the Lee County Jail who is proceeding *pro se*, initiated this action on July 1, 2005, by filing a handwritten petition (Doc. #1) entitled "Emergency Petition for Condemnation of the P.L.R.A. of 1995, et seq." (hereinafter "Petition") and an Affidavit of Indigency in which Plaintiff seeks leave to proceed *in forma pauperis* (Doc. #2). Plaintiff names as respondent the "United States Prison Litigation Reform Act of 1995 (as amended)" and alleges that the P.L.R.A. and 28 U.S.C. §1915 are unconstitutional. As relief, Plaintiff asks that the Court "condemn as invalid" the P.L.R.A. and 28 U.S.C. §1915, or in the alternative issue a writ of prohibition.

    As an initial matter, petitioner has failed to name a proper respondent. Petitioner has named an Act of Congress as the respondent, but an Act is not a party capable of being sued.

Additionally, in order for a writ of prohibition to issue, Petitioner must demonstrate "exceptional circumstances amounting to a judicial 'usurpation of power'." In re Wainwright, 678 F.2d 951 (11th Cir. 1982) (quoting Will v. United States, 389 U.S. 90, 95 (1967)). The writ is "'reserved for really extraordinary causes' . . . and should be issued only when the right to relief is 'clear and undisputable' . . . and is not to be used as a substitute for an appeal." In re Wainwright, at 953 (quoting Miller v. Connally, 354 F.2d 206 (5th Cir. 1965).[1]

On April 26, 1996, Congress enacted the Prison Litigation Reform Act as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Act significantly restricts relief available and imposes procedural barriers on prisoners who bring actions to challenge prison conditions. Significantly, the Act requires the Court to deny *in forma pauperis* status to a prisoner who has had, on three or more occasions, actions that were dismissed as frivolous or malicious, or failed to state a claim upon which relief could be granted. See 29 U.S.C. §1915(g)(2000); Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000). This section, commonly referred to as the three strikes provision, has survived constitutional scrutiny. Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). Moreover, a court may dismiss a suit at

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

<u>any</u> <u>time</u> if it determines that the claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2); <u>Miller v. Donald</u>, 2005 WL 1182618 (11th Cir. May 19, 2005). Based upon the foregoing, the Court finds that Petitioner is unable to state a claim upon which relief may be granted.

Accordingly, it is hereby

**ORDERED**:

1. Petitioner's Emergency Petition for Writ of Prohibition (Doc. #1) filed July 1, 2005 is **DENIED**.

2. The Clerk of Court shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __11th__ day of July, 2005.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk

Copies: All Parties of Record